In the Matter of JOHN ROMANELLO, Petitioner, against WALTER WILLIG et al., Constituting the Board of Education, Union Free School District No. 4, Town of Rye, Westchester County, et al., Respondents.

Supreme Court, Special Term, Westchester County, May 10, 1950.

*Thomas Connolly* for petitioner.

*George Becker,* Village Counsel, for respondents.

COYNE, J. This is an application under article 78 of the Civil Practice Act for an order reviewing a determination of the Board of Education of Union Free School District No. 4 denying petitioner a promotional increment. Petitioner is a teacher of social studies in the Junior High School of Port Chester, New York. He has been a teacher at the said school since September, 1933. At the time of the controversy here involved he was eligible, through length of service, for a promotional increment in the ninth step of the salary schedule. After evaluating the evidence of exceptional teaching service contained in petitioner's folder, the local superintendent of schools declined to recommend him to the board of education for the

promotional increment. Feeling aggrieved, petitioner conferred with the superintendent and received an explanation of his recommendation. Not satisfied with the explanation of the superintendent, petitioner thereafter requested and obtained a formal hearing of his case before the board of education. He was represented by counsel at this hearing. The board adhered to the recommendation of the superintendent, and rendered a decision adverse to petitioner. It is this determination which petitioner seeks to have judicially reviewed in the present proceeding.

Since petitioner raises a question as to the interpretation of a statute (Education Law, § 3101 *et seq.*), he may apply to the court for relief without pursuing the remedy of an appeal to the Commissioner of Education as provided by section 310 of the Education Law. No factual issue is presented; nor is the matter one which must be transmitted to the Appellate Division for determination.

The New York State Teachers' Salary Law was enacted by chapter 778 of the Laws of 1947. Among other things, it guarantees a minimum salary for teachers; provides for automatic increments for all teachers; and for a series of promotional increments for certain percentages of teachers. The promotional increments, under the statute, may be granted on the basis of exceptional teaching service. The law also provides for the payment of the additional sum of $200 to all teachers who complete thirty hours of approved course work beyond the baccalaureate degree. The law applies in all school districts employing eight or more teachers. In order to assure a constructive evaluation of teaching service, certain requirements for such evaluation are prescribed by the statute and by the regulations of the Commissioner of Education. The requirements were designed to safeguard the teachers and insure a fair and proper appraisal of their work.

The statute specifies four areas or classifications of service under which a teacher may qualify for a promotional increment. The areas of " special contributions " are: (a) direct service to pupils, (b) community service, (c) nonschool activities, and (d) education. The law provides that each teacher shall have opportunities to qualify for promotional increments through satisfactory teaching service and in addition, objective evidence of one or more of the foregoing special contributions.

In accordance with the statute and the regulations of the Commissioner of Education, the local board of education — upon

the recommendation of an advisory committee comprised of classroom teachers — adopted by-laws governing the granting of promotional increments in the school district. The by-laws designated the areas of service, and specified the standards under which the services were to be weighted and evaluated. Under the weighting system employed by the local board, area (a) was rated 80%; area (b) 0%; area (c) 10%; and area (d) 10%.

Petitioner first contends that both the regulations of the Commissioner of Education and the by-laws of the local board of education are violative of the salary statute in that they purport to select and limit the areas in which a teacher may qualify for a promotional increment. More specifically, petitioner asserts that he may supply objective evidence of one or more of the " special contributions ", and that the board of education must give consideration to one or all of the services selected and submitted by him. The court cannot subscribe to this interpretation of the statute. Clearly, under the statute, the local board could indicate which one or more of the " special contributions " was or were to be considered locally in granting the promotional increment. The local authority could, in its discretion, select for this purpose any one or more of the four areas classified in the law. It was under no legal obligation to consider evidence of service in a field of petitioner's own choosing. Cognizant of the needs of its own school district, the board could select the areas it deemed essential for good teaching service, and accord the area of service such weight as it deemed appropriate. The action of the board in excluding from consideration the area of service designated in the by-laws as " B-Community Service " did not violate the statute.

The court can find no merit in petitioner's remaining contentions (a) that the evaluation of the superintendent was not based on objective evidence, and (b) that he was deprived of his right to adduce additional evidence at the hearing before the board of education. The contentions are accordingly overruled.

Since the enactment of the salary law of 1947, it has been the goal of administrators to develop a system of sound evaluation procedure. Progress is being made in this direction. As experience is had with the operation of the law, revisions and refinements will undoubtedly be made by the administrators to meet the given situation, and to improve generally the standards and practices of evaluation. The question of evaluation, how-

ever, is a matter wholly within the province and function of the administrative body.

In the present instance, petitioner does not assert, nor does there appear to have been any bad faith, malice or arbitrary conduct on the part of the local board. Petitioner has not established a clear legal right to the relief sought. The determination of the board of education is confirmed, and the proceeding dismissed, without costs. Submit final order on notice.